IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DONALD L. PRESCOTT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-10-CV-060-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald L. Prescott seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled as a result of depression, a back injury, and nerve damage in his right hand and arm. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 22, 2008. At the time of the hearing, plaintiff was 53 years old. He has an eighth grade education and past work experience as a deliverer, a yard worker, and a maintenance engineer. Plaintiff has not engaged in substantial gainful activity since October 2, 2006.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from depression, degenerative disc disease, and status post nerve injury to his right hand, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform medium work with no more than frequent handling and some non-exertional limitations, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a janitor, a park litter crew worker, and an automobile detailer -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the finding that he can perform other work in the national economy was based on an improper hypothetical question to the vocational expert; and (2) the assessment of his residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ found that plaintiff has the residual functional capacity to perform medium work with some limitations, including the jobs of janitor, park litter crew worker, and automobile detailer. (*See* Tr. at 12, 17). In making that finding, the ALJ expressly relied on the testimony of Clifton King, a vocational expert. (*Id.* at 17, 32). According to plaintiff, King based his testimony on a defective hypothetical question that failed to take into account his inability to have more than limited contact with peers and supervisors -- limitations specifically recognized by the ALJ in the hearing decision. (*See id.* at 12).

A hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct deficiencies in the question. *See Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001), *citing Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Social Sec. Admin.*, 278 F.Supp.2d 797, 807 (N.D. Tex. 2003).

At the administrative hearing, the ALJ asked King:

> The first hypothetical I want you to consider assumes the vocational factors of an individual who is 53 years of age at the date of hearing. This individual has accomplished an eighth-grade education and would possess the strength to perform a wide range of medium work. However, in the area of handling, there would be no more than frequent handling. When I say frequent, I mean from one-third to two-thirds of the day with the right hand, which is the dominant hand.
>
> In the non-exertional area this hypothetical individual would remember and understand short and simple instructions, and would possess the concentration necessary for unskilled work. In the area of social interaction this individual would have the, would be required to work *in relative isolation with limited contact with the general public*. Given those factors now, would any past work be available?

(Tr. at 33-34) (emphasis added). King responded that such a person could work as a janitor, a park worker or litter crew worker, or an automobile detailer. (*Id.* at 35). Based on this testimony, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 17).

There is a significant discrepancy between the limitations included in the hypothetical question posed to King and the limitations found by the ALJ. While the judge found that plaintiff's

residual functional capacity was limited by the need for "relative isolation with limited contact with *peers and supervisors and the general public*[,]" (*id.* at 12) (emphasis added), the hypothetical inquired only about restrictions on contacts with the general public. (*Id.* at 34). The ALJ never asked the vocational expert about jobs that also require limited contact with peers and supervisors. As a result, the hypothetical was defective. *See Boyd*, 239 F.3d at 707 (disability determination is not supported by substantial evidence if hypothetical to vocational expert does not incorporate all functional limitations found by ALJ); *Bowling*, 36 F.3d at 436 (same); *Field v. Astrue*, No. 7-10-CV-052-BD, 2011 WL 2469587 at *3-4 (N.D. Tex. Jun. 21, 2011) (remand required where hypothetical to vocational expert inquired about restrictions on contact with peers and co-workers, but not supervisors and the general public).

The Commissioner argues that the requirement of limited contact with the general public necessarily includes limited contact with peers and supervisors. (*See* Def. MSJ Resp. Br. at 5-7). The court disagrees. Not only do the social security regulations treat interactions with the public, supervisors, and co-workers as different work situations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2),[1] but the Commissioner's own mental residual functional capacity assessment form separately considers a claimant's ability to perform work activities in each of these situations. (*See* Tr. at 274) (separately evaluating "ability to interact appropriately with the general public," "ability to accept instructions and respond appropriately to criticism from supervisors," and "ability to get

---

[1] This regulation provides, in pertinent part:

> Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (*e.g.*, supervisors), or cooperative behaviors involving coworkers.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2).

along with co-workers or peers without distracting them or exhibiting behavioral extremes"). Courts also distinguish among the different work situations depending on the type of interpersonal contact required. *See, e.g. Seibert v. Astrue*, No. 4-09-CV-090-A, 2010 WL 6389303 at *12 n.13 (N.D. Tex. Jun. 14, 2010), *rec. adopted*, 2011 WL 1211350 (N.D. Tex. Mar. 31, 2011) (ALJ erred in limiting plaintiff to only incidental contact with the public and co-workers because such restrictions do not adequately incorporate limitations in responding to or interacting with supervisors); *Stearns v. Astrue*, No. 6-08-CV-074-C, 2010 WL 1072828 at *6 (N.D. Tex. Mar. 24, 2010) (same as to restriction that only limited plaintiff to superficial contact with the public where evidence indicated that plaintiff also had difficulty interacting appropriately with supervisors). Because the ALJ based his disability determination on a defective hypothetical, the hearing decision must be reversed.

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: August 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.